## Missouri, Kansas & Texas Railway Company of Texas v. Coke Buchanan.

### Decided January 14, 1903.

**1.—Passenger Carrier—Negligence—Assisting to Alight.**

Though the duty of a carrier, generally, is only to furnish proper facilities for alighting, circumstances may impose upon it the duty, also, of rendering assistance to the passenger in so doing. See case of woman incumbered with hand baggage and requesting assistance, in which failure to assist in alighting could be held to be negligence.

**2.—Same—Pleading.**

Pleading charging that station platform was too low and negligently constructed, that no stool was used to assist in alighting and no assistance rendered to a woman getting off a train incumbered with parcels, was sufficient to authorize a charge permitting recovery if the assistance furnished for alighting was not reasonably safe.

Appeal from the District Court of McLennan. Tried below before Hon. Sam R. Scott.

*Clark & Bolinger,* for appellant.

*Baker & Ross,* for appellee.

FISHER, CHIEF JUSTICE.—Action by the appellee against the appellant for damages arising from personal injuries sustained by his wife in alighting from appellant's train at Waco, Texas. Plaintiff in his petition alleges that he purchased a ticket from Dallas to Waco for his wife, and at the time she entered the car at the first named place he requested the conductor to look after her and child, and advised him that she had a large valise and bundle with her, and requested him to assist her and child in alighting at Waco. That before the train upon which she was riding reached the depot at Waco she requested the conductor to have the porter take out her valise at the depot. After waiting a reasonable time for assistance from the porter, who did not come to aid her, she left her seat in the car in order to alight from the train, holding a large valise and bundle behind her in one hand, and directing her child in front of her with the other hand, and when she reached the step of the car, feeling her way down it with her foot in order to step upon the platform, she fell partly upon the platform and between it and the car track. That the distance from the lower step of the car to the platform was about two feet; that the place where she fell was the proper place to alight, and was the place used by defendant for that purpose; that defendant was in the habit of using a stool for passengers to step upon in leaving cars at this place; but that at this time the defendant negligently failed to use a stool or anything for her to step upon to break the distance between the lower step and the platform, which platform, it was alleged, is too low to be used without a stool, and is carelessly and negligently and defectively constructed, so that passengers are liable to step off the edge of it, or between it and the rails in

alighting. That the defendant, notwithstanding it was requested to aid, did not assist her in alighting from said car, but carelessly and negligently allowed her to alight unaided, but for which act of negligence she would not have fallen.

The defendant pleaded general demurrer, general denial, and that the injury to plaintiff's wife was caused solely by her contributory negligence in undertaking to alight from the plaintiff's train with a large valise and a bundle in one hand and a child in the other; and that it was her duty to look before undertaking to step from the coach to the ground; that on account of her incumbering herself with said bundle and child and her negligence in not looking and not properly holding to the railing or arms of said coach, she was negligent, and such negligence contributed to her injury, and was the sole cause of the same.

Verdict and judgment were in appellee's favor for the sum of $2500.

There is evidence in the record which warrants the conclusion that the appellant was guilty of negligence in the manner pleaded by the plaintiff, and that by reason of that negligence plaintiff's wife sustained the injuries complained of; and that she was not guilty of contributory negligence, as alleged by the appellant.

Our findings of fact dispose of appellant's first and second assignments of error. We can not agree with appellant's contention urged in its fifth assignment of error. The pleadings authorized the submission of the issues covered by the charge of the court. The charge of the court, in our opinion, presented in the proper way all the questions that it was proper for the jury to pass upon; and there was no error in refusing those charges that were requested and that were refused by the trial court.

The general rule is, as insisted upon by the appellant, to the effect that it is only the duty of the carrier to furnish safe appliances and facilities for alighting from its train, and give passengers a reasonable time within which to alight upon arrival at their destination, and that, ordinarily, the carrier is not burdened with the duty of extending personal assistance to a passenger in alighting from and leaving the train; but the failure to do this in this particular instance is made one of the grounds of negligence relied upon, and there is proof which authorized the submission of the issue to the jury. The rule contended for might be made to yield to the circumstances of the particular case, if the facts and circumstances were such as to indicate to those in control and management of the train that the passenger needs assistance in alighting. It might become the duty under such circumstances for the carrier to aid the passenger, in order that he might safely disembark. This principle is announced in Texas & Pacific Railway Co. v. Miller, 79 Texas, 83. We can not say from the evidence but what the jury had the right to conclude, that, under the peculiar facts and circumstances of the situation of the appellee's wife, the railway company owed her the duty of extending assistance to her in alighting.

*Affirmed.*