GULF, COLORADO & SANTA FE RAILWAY COMPANY v. BERRY GARNER.

Decided November 21, 1908.

**1.—Carrier of Passengers—Failure to Assist Sick Passenger—Negligence— Pleading—Charge.**

A passenger sued a railroad company for damages for carrying him beyond his destination and ejecting him from the train while he was sick, feeble and in a semi-conscious condition; the petition alleged that the servants of the company in charge of the train knew his condition and negligently failed to notify him of the arrival of his train at his destination and to assist him in alighting therefrom; there was no allegation that the condition of the plaintiff was apparent to an observer, nor that the servants of the defendant were negligent in failing to observe or ascertain that the plaintiff was sick, feeble and unable to help himself. Held, it was error for the court in its charge to authorize a verdict against the defendant if its servants failed to exercise ordinary care to discover plaintiff's condition. Such charge submitted an issue not made by the pleadings.

**2.—Same—Duty of Carrier.**

It is not the duty of the servants of a carrier of passengers in charge of a train to exercise ordinary diligence to discover the sick and feeble condition of passengers and their inability to help themselves; but when knowledge of such conditions is actually brought home to them or any of them, it is the duty of said servants to assist such passengers in alighting from the train, and for their failure to do so the carrier would be liable for resulting damages.

Appeal from the District Court of Hunt County. Tried below before Hon. R. L. Porter.

*Terry, Cavin & Mills* and *Jno. T. Craddock,* for appellant.—The court erred in submitting an issue of negligence not made by the pleading. Gulf, C. & S. F. Ry. Co. v. Scott, 27 S. W., 828; Murchison v. Mansur-Tibbetts Co., 37 S. W., 605; Faubion v. Western Union Tel. & Tel. Co., 81 S. W., 56; Gulf, C. & S. F. Ry. Co. v. Anson, 82 S. W., 785; Texas & P. Ry. Co. v. Ray Brothers, 84 S. W., 691.

The charge, especially when considered with reference to the allegations of negligence charged in the petition, is erroneous in so far as it places upon the appellant the duty to exercise ordinary care to know, through its servants in charge of the train, appellee's condition of health and his inability to take care of himself, and thereby imposed upon the appellant a greater burden than is cast upon it by the law. Missouri Pac. Ry. Co. v. Wortham, 73 Texas, 25; Gulf, C. & S. F. Ry. v. Coopwood, 96 S. W., 102; Western & Atlantic Ry. Co. v. Earwood, 104 Ga., 127; Southern Ry. Co. v. Hobbs, 118 Ga., 227 (63 L. R. A., 68); Illinois Cent. Ry. Co. v. Cruse, 96 S. W., 821 (8 L. R. A., N. S., 299).

The court erred in refusing defendant's special charge, as follows: "Unless you believe from the evidence that the attention of the conductor was called to the sick condition of the plaintiff at the time he boarded

the train at Wolfe City, and that he therefrom knew that the plaintiff was sick, then he would be under no obligation to assist the plaintiff off the train at Ladonia, and if the train stopped at Ladonia a reasonably sufficient length of time for passengers to alight while it was so stopped, then the conductor, if he didn't know that plaintiff was sick, had the right to eject him from the train at the place where he was ejected." Same authorities.

*B. Q. Evans,* for appellee.—Where it is alleged in the petition that the defendant's agents knew or were informed that appellee was sick, feeble, and unable to alight from the train without assistance, and where there was no objection to the evidence on the trial, it was not error to charge that if they knew, or could have known by the exercise of ordinary care, that he was sick, feeble, and unable to alight from the train without the assistance, because a person is held to know all such facts as he could by proper diligence have ascertained, and a charge of notice embraces both express and implied notice.

This action being for a tort based on contract, the question is not whether the damages done to him entered into the consideration of the parties in advance, but simply whether it is fairly and directly the result of the injurious act, and care by a carrier of passengers must be exercised in the light of an imputed if not actual knowledge that the aged, infirm, and those in delicate health may travel on passenger trains of the country, and ought not to be heard to say in excuse for their negligence, "We were without notice of the fact." Gulf, C. & S. F. Ry. Co. v. Redeker, 45 Texas Civ. App., 312; Sawyer v. Dulany, 30 Texas, 479-797; St. Louis S. W. Ry. Co. v. Ferguson, 3 Texas Ct. Rep., 62-4; Gulf, C. & S. F. Ry. Co. v. Coopwood, 96 S. W., 102.

BOOKHOUT, ASSOCIATE JUSTICE.—Appellee instituted this suit in the District Court of Hunt County on December 7, 1906, for damages alleged to have been sustained by him on the 10th day of September, 1906, at Ladonia, in Fannin County. There was a trial before the court and a jury October 26, 1907, resulting in a verdict in favor of appellee for $3,000, upon which judgment of that date was entered. Appellant's motion for a new trial was overruled, notice of appeal given and appeal duly perfected.

It was alleged in the petition that the appellee, desiring to go from Wolfe City in Hunt County, to Ladonia in Fannin County, on the second Monday in September, 1906, on one of the appellant's passenger trains, purchased or caused to be purchased a ticket from appellant's agent at Wolfe City to Ladonia, which entitled him to be transported as a first-class passenger between those points; that while he was at the station awaiting the arrival of the train, which was due about eleven o'clock, and after it did arrive and at the time of its departure from Wolfe City to Ladonia he was suffering with a high fever, which rendered him very sick and feeble, and he was suffering with weakness caused by previous sickness, and that while in this condition, with the assistance of some friends, he boarded the train and thereby became a passenger, entitled to be carried to Ladonia and there permitted to alight. That before plaintiff boarded said train the conductor and other

agents and servants in charge of said train learned of and knew of plaintiff's condition, and knew that he would not be able to alight from said train at Ladonia without assistance, and said conductor of said train, being the authorized agent of the defendant and acting within the scope of his authority, undertook and agreed for and on behalf of the defendant to carry plaintiff to said town of Ladonia, and to extend to him or cause to be extended to him such personal assistance in alighting from said train—to notify plaintiff when said train reached said station and to assist him off said train. Plaintiff shows that after he was carried into said train at Wolfe City, owing to his condition he became in a semi-unconscious condition, and grew weaker until he was unable to walk or know what was going on around him, and that when said train reached the town of Ladonia defendant, its agents and servants, failed and neglected to notify plaintiff of its arrival at said station, and failed to assist plaintiff off of said train at said station, but with knowledge of his condition carried him beyond said station a·distance of more than one mile, and stopped said train and forcibly ejected plaintiff from said train while he was in this weak and feeble condition as aforesaid, and left him alone and helpless, and in a hot, broiling sun; that at the time he was so ejected the agents and servants in charge of and operating said train knew of plaintiff's condition, and knew that the weather was excessively hot, and that plaintiff would suffer great physical and mental pain, and that such·exposure would be greatly injurious to his health and would probably cause him to lose his life, yet notwithstanding, said agents and servants willfully, and with gross negligence, ejected plaintiff from said train and left him ·so exposed and in a helpless condition. The remaining portions of the petition relate to the injuries alleged to have been sustained by the appellee.

The appellant answered by a general denial, and specially, to the effect that if at the time the appellee boarded the train he was in the condition alleged in the petition, then that he was negligent in taking passage on the train while in such condition, and that his own want of care in that respect caused or contributed to cause his injuries, if any were sustained; that if the appellee was in the condition alleged, that he could and should have notified the conductor in charge of the train of his condition before the arrival thereof at Ladonia; that he failed to notify the conductor or any of the servants in charge of the train of the condition in which he was alleged to have been, and his own want of care in that respect caused or contributed to cause him to be carried by the station of Ladonia, and caused or contributed to cause the injuries; that if he was carried by the station at Ladonia and exposed to the hot sun after he got off, that his own want of care, and not the negligence of the appellant, was the proximate cause of such exposure and the injuries resulting therefrom; that there were many places in a very short distance of the place where he alighted from the train where he could have obtained shelter or assistance if such were desired or needed, but that he did not seek shelter, help or assistance, and by his own negligence in that respect caused or contributed to cause the injuries; that if the appellee was in the condition alleged by him at the time he boarded the train, and while thereon, the appellant's servants in charge of the train did not know of such condition, and did not know that he was in such

condition while on the train that he would need help and attention on his arrival at Ladonia, if he did in fact need such help and attention, and that if he was carried by the station at Ladonia his own want of care was the sole cause thereof.

Error is assigned to the following paragraph of the court's charge: "Now, if you find and believe from the evidence that on the 10th day of September, 1906, the plaintiff purchased or caused to be purchased a ticket from the defendant's agent at Wolfe City, Texas, which ticket entitled him to be carried as a passenger from Wolfe City in Hunt County, to Ladonia in Fannin County, Texas; and if you find that at that time the plaintiff was sick, feeble, and unable to board the train alone, and unable to alight from the train without assistance; and if you further find that the agents and servants, whose duty it was to assist persons on and off the train, if you find that such agent or agents had such authority, knew of his condition or was informed of his condition; and if you find from the evidence that plaintiff was assisted by others to board the train; and if you find from the evidence that when he boarded one of the defendant's passenger trains he was in a semi-unconscious condition; and if you find from the evidence that said agents and servants knew of his condition, or by the exercise of ordinary care could have known of his condition; and if you further find that said agents and servants carried plaintiff beyond the station of Ladonia and for some distance beyond said station; and if you further find that plaintiff was ejected from said train, if he was, at a point beyond said station; and if you further find that at the time he was ejected, if he was, from said train, he was in a weak, feeble condition, and unable to alight from the train without assistance; and if you find that at the time the weather was very hot; and if you find that said agent or agents knew of his condition of health, or by the exercise of ordinary care could have known the same; and if you find that plaintiff was left alone away from his station, and you find that, owing to his condition of mind, if there was anything the matter with his mind at the time, he wandered about, or walked about in the hot sun, and he was thereby caused to suffer and sustain injury as alleged and claimed in his petition; and if you find that the said agents and servants, in carrying him beyond his station and ejecting him from said train, if they did, they were guilty of negligence, as that term is defined in the first paragraph of this charge, and that such negligence, if any, was the proximate cause of plaintiff's injuries, if any, then you will find for the plaintiff. But unless you so believe, then you will find for the defendant."

The appellant contends that the above charge, in so far as it directs the jury that if at the time plaintiff boarded the train he was sick, feeble, and unable to board the train alone, and unable to alight therefrom without assistance; and if at said time he was in a semi-unconscious condition; and if the defendant's agents and servants could, by the exercise of ordinary care, have known plaintiff's said condition; and if at the time he was ejected from the train he was in a weak, feeble condition, and unable to alight from the train without assistance, and defendant's said agent or agents in charge of the train could, by the exercise of ordinary care, have known his condition of health, and his ejection at the time and place where he was ejected proximately caused his injuries, to

find for the plaintiff, is erroneous, because there were no allegations in the petition charging negligence of the defendant in failing to exercise ordinary care to ascertain or know plaintiff's condition, either at the time he boarded the train or while on the train, or when he was ejected therefrom, and such charge, in so far as it placed upon the defendant the duty to exercise ordinary care to know of his alleged condition, is without basis in the pleadings. The petition alleged as the basis of the action that the servants in charge of the train knew of plaintiff's weakened, sick and feeble condition when he boarded the train, with such knowledge promised and agreed to assist him off the train at Ladonia, and that, with knowledge of his said condition, failed to assist him off the train at the depot in violation of the previous agreement, and ejected him therefrom beyond the station.

The plaintiff's testimony tended to show that some of the trainmen did know that plaintiff was sick and weak, and unable to help himself, and that, so knowing, voluntarily accepted him as a passenger with knowledge of his condition and of the fact that he would need assistance in alighting from the train. The trainmen, however, denied any knowledge respecting his condition. There are no allegations that the condition of plaintiff was apparent, nor is there any charge of negligence on the part of the agents and servants of appellant in failing to observe or ascertain that he was sick and feeble and unable to help himself. The pleadings of plaintiff not having alleged that the sick and feeble condition of plaintiff was apparent, or that the defendant's servants and agents in charge of the train could, by the exercise of ordinary care, have known of his condition, the charge was error. It submitted an issue of negligence on the part of appellant not set out in the pleadings. Gulf, C. & S. F. Ry. v. Scott, 27 S. W., 828; Gipson v. Williams, 27 S. W., 824; Murchison v. Mansur-Tibbetts Co., 37 S. W., 605; Faubion v. Western Union Tel. Co., 36 Texas Civ. App., 98; Gulf, C. & S. F. Ry. v. Anson, 82 S. W., 785; Texas & Pac. Ry. v. Ray Brothers, 37 Texas Civ. App., 622.

We are also of the opinion that the charge was erroneous in placing upon the agents and servants of appellant the duty of exercising ordinary care to ascertain the condition of the health of plaintiff and his inability to take care of himself. It was not their duty to use ordinary diligence to discover the sick and feeble condition of plaintiff and his inability to help himself. Missouri Pac. Ry. v. Wortham, 73 Texas, 25; Gulf, C. & S. F. Ry. Co. v. Coopwood, 96 S. W., 102; Southern Ry. Co. v. Hobbs, 118 Ga., 227 (63 L. R. A., 68); Illinois Cent. Ry. Co. v. Cruse, 96 S. W., 821 (8 L. R. A., N. S., 299.) If the appellant's agents or servants had knowledge of plaintiff's condition, then it was their duty to use reasonable diligence to notify him of the train's arrival at Ladonia and assist him in alighting therefrom.

The appellant requested a special charge as follows: "Unless you believe from the evidence that the attention of the conductor was called to the sick condition of the plaintiff at the time he boarded the train at Wolfe City, and that he therefrom knew that the plaintiff was sick, then he would be under no obligation to assist the plaintiff off the train at Ladonia, and if the train stopped at Ladonia a reasonably sufficient length of time for passengers to alight while it was so stopped, then the

conductor, if he didn't know that plaintiff was sick, had the right to eject him from the train at the place where he was ejected."

There was no error in refusing this charge. The petition charged, and the evidence tended to show, knowledge on the part of the agents and servants of appellant at the time plaintiff boarded the train of his sick and feeble condition. This charge limits the right of recovery to knowledge on the part of the conductor alone.

For the errors pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Writ of error dismissed for want of jurisdiction.