## INTERNATIONAL & G. N. RY. CO. v. WILLIAMS. (No. 5614.)*

(Court of Civil Appeals of Texas. San Antonio. Feb. 16, 1916. Rehearing Denied March 15, 1916.)

1. CARRIERS ☞320(25) — PASSENGERS—DUTY TO ASSIST—QUESTION FOR JURY.

It is a question of fact for the jury whether a railroad owed to the plaintiff the duty of assisting her from its train, and is to be determined from a consideration of all the circumstances.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1244; Dec. Dig. ☞320(25).]

2. CARRIERS ☞320(25)—INJURIES TO PASSENGERS—LIABILITY—EVIDENCE.

Evidence that plaintiff, 59 years of age and corpulent, weighing 175 to 180 pounds, having two bundles and a handbag, and having under her charge a 5 year old boy, attempted to alight and fell because no employé of the railroad assisted her, raises the issue whether the railroad was negligent in the premises.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1244; Dec. Dig. ☞320(25).]

3. CARRIERS ☞318(9)—INJURIES TO PASSENGERS—LIABILITY—EVIDENCE.

Evidence *held* to show that it was the duty of employés of the carrier to assist passengers, who from the circumstances required assistance, from the trains of the defendant.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1314; Dec. Dig. ☞318(9).]

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

183 S.W.—75   *Application for writ of error pending in Supreme Court.

4. CARRIERS ☞303(8)—INJURIES TO PASSEN-GERS—LIABILITY.

A carrier is chargeable with knowledge of the necessity of assisting a passenger from the train when she was 59 years old, corpulent, carried several bundles, and had in charge a small child.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1232; Dec. Dig. ☞303(8).]

5. CARRIERS ☞280(1) — DUTIES TO PASSEN-GERS—CARE REQUIRED.

A carrier owes to every passenger the highest degree of care without regard to age, sex, or bodily infirmity, the degree of care to be determined by the circumstances of each case.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1085–1088, 1102, 1106, 1109; Dec. Dig. ☞280(1).]

6. CARRIERS ☞320(1) — CARE REQUIRED — QUESTIONS FOR JURY.

It is a question of fact for the jury in each case whether or not the highest degree of care was exercised in the premises by the defendant carrier.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1315, 1317; Dec. Dig. ☞320(1).]

Appeal from District Court, Bexar County; R. B. Minor, Judge.

Action by Carrie Williams against the International & Great Northern Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Wilson, Dabney & King, of Houston, and Cobbs, Eskridge & Cobbs, of San Antonio, for appellant. J. R. Norton and Jas. Routledge, both of San Antonio, for appellee.

FLY, C. J. This suit was instituted by appellee to recover damages alleged to have been inflicted upon her person through the negligence of appellant in failing to assist her to alight from its train in Austin, Tex. The cause was tried by jury and resulted in a verdict and judgment in favor of appellee for $4,000.

Appellee was carried by appellant to Austin, where she desired to leave the train to visit her daughter. When she reached her destination and attempted to alight she fell from the top step to the platform and sustained serious injuries. She was a woman of 59 years of age and corpulent, weighing 175 or 180 pounds, and had two bundles and a handbag and had under her charge a boy about 5 years old. No effort was made by any employé to assist appellee at the time she was to go down the steps, and she stumbled and fell.

[1, 2] Appellant states that the only question in this case is:

"Under the law as administered in Texas, can a carrier be charged with negligence for failing to have an employé to assist a strong, healthy, female passenger, who made no request therefor, to step from the interior to the platform of a standing car and down each step therefrom to the ground?"

That does not accurately state the issue as made by the facts, but rather the issue is: Did the railway company owe the duty to an elderly female passenger, who was quite cor-pulent and incumbered with bundles and bag, in charge of a child, to assist her to alight from its train? This is a question of fact to be determined by the jury in view of the facts and circumstances. It is of course not laid down as a rule of law that it is the duty of common carriers to assist "strong, healthy, female passengers" off its train, but the facts of this case raise an issue as to whether it was negligence for appellant to have failed to furnish assistance to appellee in leaving the train. The jury was justified in finding that it was negligence.

[3] No Texas case has ever held that it was the duty, as a matter of law, for carriers to assist passengers from their trains, nor has any case ever held that no circumstances could arise in which it becomes the duty to assist passengers to alight from trains. This is admitted to be the law, by appellant, and—

"that under special circumstances this duty may arise in which event it is a proper question to submit to the jury for determination."

In other words, the question of whether the carrier should have assisted appellee to alight is one of fact. The employés swore that it was their duty to assist passengers from the car. Ratcliffe swore:

"It was my duty to help her. The instructions were that I should help off all lady passengers and all children. * * * If I had known this lady needed assistance I would have done more than I did, but I didn't know it. If I had known she had a young child with her and three bundles to carry I would have gone up there and helped her with the child and the bundles; it was my duty. I had been through the car six times between San Antonio and Austin. She weighed about 180 pounds." .

The auditor testified:

"The duty of the brakeman and the porter is to help women and children off the car, and if they are otherwise occupied it is the duty of the conductor to do it."

The conductor and porter testified to the same effect, and yet no one made any effort to assist appellee, who was corpulent, nearly 60 years of age, and had bundles and a hand bag to carry, and a small boy in charge. None of the Texas cases cited by appellant militate against the duty of a carrier under certain circumstances to assist certain passengers to alight.

There is an expression as to carriers owing no duty to assist passengers off trains in the case of Railway v. Wortham, 73 Tex. 25, 10 S. W. 741, 3 L. R. A. 368, in which case the appellee was shown to have been hurt by a stool provided by appellant, by means of which passengers were to alight, which turned and threw her to the ground. The question of assistance to the passenger was not raised by the pleadings, and the expression referred to was purely obiter dictum. However, the expression was confined to the facts of that case, and no general rule was enunciated.

The cited case of Railway v. Miller, 79

Tex. 78, 15 S. W. 264, 11 L. R. A. 395, 23 Am. St. Rep. 308, held, just as this court does, that the duty to assist a passenger to alight may arise under the facts of a case and is a question for the determination of the jury. The court held that a charge to the effect that the carrier owed no duty to appellee in assisting her to alight from the train, unless she had proved that she was disabled or infirm, was properly refused. The following charge given by the court was approved:

"Whether or not the failure to assist Mrs. Miller in getting off the train on the part of the persons in charge of said train was a want of that measure of care which the employés of said receivers owed to her as a passenger, you will determine from all the circumstances, taking into consideration the failure on her part to ask for such assistance."

The court said:

"As already said, the degree of care necessary to be exercised by the carrier was correctly stated in the charge of the court in view of the facts of the case, and whether to constitute this degree of care it was necessary that employés of the carrier should have assisted Mrs. Miller to alight from the train was properly and correctly submitted to the jury in the charge given."

In the case of Railway v. Frey, 25 Tex. Civ. App. 386, 61 S. W. 442, decided by this court, there was a proper platform, and assistance was given the passenger, and it was held that there was no evidence of negligence. The court said:

"In this case not only does the testimony fail to show an improper platform, but it tends to show a proper one, and, in addition, that proper personal assistance was given to persons alighting from the cars."

There is nothing in that decision to sustain the theory of appellant. The same can be said of the case of Railway v. Buchanan, 31 Tex. Civ. App. 209, 72 S. W. 96, cited by appellant. The Texas authorities all hold that if the circumstances indicate that a passenger needs assistance in alighting from a train, it becomes the duty of the carrier to render such assistance.

[4] Appellant's employé knew or should have known that appellee required assistance in leaving the car. The carrier is chargeable, under the facts of this case, with knowledge of the necessity of assisting the passenger from the train. She was large, aged, and burdened with bundles and the charge of a small child. Railway v. Russell, 8 Tex. Civ. App. 578, 28 S. W. 1042.

[5, 6] The circumstances of each case determine the negligence or not of the carrier, but it is the rule that the carrier owes to every passenger the highest degree of care, without regard to age, sex, or bodily infirmity. What, however, would be the greatest degree of care under one state of facts might be negligence under others. Whether or not the care has been exercised is a matter to be determined by a jury. Railway v. Finley, 79 Tex. 85, 15 S. W. 266.

The judgment is affirmed.