**WISDOM v. CHICAGO, R. I. & G. RY. CO.**
**(No. 247–3445.)**

(Commission of Appeals of Texas, Section A. June 1, 1921.)

**1. Appeal and error ⊚⇒1094(5) — Supreme Court bound by Court of Civil Appeals' holding as to insufficiency of evidence to sustain verdict.**

Determination by Court of Civil Appeals as to insufficiency of evidence to sustain the verdict is binding on the Supreme Court on writ of error to review the judgment of the Court of Civil Appeals.

**2. Appeal and error ⊚⇒987(1)—Duty of court of Civil Appeals to set aside judgment for insufficiency of evidence to sustain verdict.**

It is the duty of the Court of Civil Appeals to set aside a verdict, and the judgment rendered thereon, where in its opinion the evidence is insufficient to sustain the verdict.

**3. Appeal and error ⊚⇒1175(5)—Court of Civil Appeals not authorized to render judgment in reversal for insufficiency of evidence.**

The Court of Civil Appeals, on reversing judgment for insufficiency of conflicting evidence to sustain the verdict, has no right to render judgment, but must remand the case to the lower court for new trial.

**4. Carriers ⊚⇒303(1)—Degree of care railroad owes alighting passenger stated.**

A railroad owed an alighting passenger that high degree of care which a very prudent and cautious person would have exercised under the circumstances to enable her to alight in safety.

**5. Carriers ⊚⇒303(8)—Railroad required to furnish safe steps, or aid passenger in alighting.**

It was railroad's duty to furnish such steps as would enable a woman passenger to alight in safety, and, if the steps were defective or unsafe, to render such assistance to her as would make the use of steps as safe as if they had been the safest then known.

**6. Carriers ⊚⇒303(8) — Required to assist alighting passenger where need of assistance is apparent.**

When safe and proper facilities for alighting are furnished, carriers are not required to assist passengers in ordinary cases to alight from trains, but if the circumstances of the particular case make it reasonably apparent that such assistance is needed, it is the carrier's duty to render such assistance.

**7. Carriers ⊚⇒320(25) — Whether alighting passenger should have been assisted is a question for the jury.**

Whether an alighting passenger was in need of assistance, and whether such need was reasonably apparent to employés, and whether failure to render such assistance constituted negligence, are questions for the jury to be determined under the facts in each case.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Suit by Geneva Wisdom against the Chicago, Rock Island & Gulf Railway Company. Judgment for plaintiff was reversed, and judgment was rendered for defendant by the Court of Civil Appeals (216 S. W. 241), and plaintiff brings error. Judgment of Court of Civil Appeals reversed, and case remanded to the district court for new trial.

R. E. Carswell, of Decatur, and Carden, Starling, Corden, Hemphill & Wallace, of Dallas, for plaintiff in error.

---

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Lassiter & Harrison, of Fort Worth, and McMurray & Gettys, of Decatur, for defendant in error.

GALLAGHER, J. Plaintiff in error, Miss Geneva Wisdom, brought this suit against defendant in error, Chicago, Rock Island & Gulf Railway Company, to recover damages for injuries alleged to have been sustained by her in alighting from one of said company's trains at Paradise, Tex., which injuries are alleged to have resulted from the negligence of said company.

Miss Wisdom was a passenger on one of the company's trains. On the arrival of the train at Paradise she emerged from the coach with a grip in her hands, which, on starting to descend from the platform of the coach to the platform of the station, she took in both hands and held in front of her. This grip contained four or five books, a number of dresses, and two pairs of shoes. Estimates of its size and weight varied, but there was testimony that it was about two feet long, and heavy.

There were three steps, and as she stepped from the platform of the coach onto the first step her foot, in some manner, slipped and she fell backward and slid, feet foremost, down the steps onto the station platform below. She was wearing at the time, shoes, or pumps, of a fashionable make, with heels about three inches high. The heel from one of these shoes was wrenched off during her fall.

She did not ask for assistance in attempting to alight from the car. The auditor was standing at her left as she started to descend the steps. The conductor and brakeman were standing on the station platform, one on either side of the steps, for the purpose of assisting passengers to alight. The auditor testified that it was the duty of the brakeman to assist passengers in getting off the train, and the brakeman testified that he did assist passengers who preceded Miss Wisdom. None of the employees of the company rendered any assistance, though the auditor and brakeman testified that they attempted to do so after she slipped and began to fall.

The testimony concerning the condition of the steps was conflicting. There was testimony that the steps were covered with rubber mats, and that the rubber on the top step was entirely gone in places, and the step worn slick. There was also testimony that the rubber mat, though not worn through, was worn smooth and slick in places, and the photograph submitted supports this description of the same. There was other testimony to the effect that there was nothing wrong with the steps. There was a handrail on either side of the steps, extending from just above the top step to the bottom step.

One witness testified that when Miss Wisdom stepped on the first step her foot slipped forward and the heel of one shoe caught on the edge of the step and was pulled off. Practically all the witnesses agree in saying that she slipped on the first step; that her feet went out from under her, and she fell backward and bumped, feet foremost, down the steps to the platform of the station.

There was testimony to the effect that she received painful and permanent injuries as the result of such fall.

There was a trial by jury. The court's charge authorized a recovery if the employees in charge of the train failed to take hold of her arm, and thus assist her in alighting from the train, and if such failure was negligence and the proximate cause of her injuries, or if the step, or steps, were worn slick or slippery, and in consequence of such condition she slipped, or stumbled and fell, and if permitting such steps to be in such condition was negligence and the proximate cause of her injuries.

There was a verdict for the plaintiff, and judgment was entered in accordance therewith. The railway company appealed, and a majority of the Court of Civil Appeals held that the evidence was insufficient to support the verdict, and reversed the judgment of the trial court, but, instead of remanding the case for another trial, rendered judgment for the railway company. 216 S. W. 241. This writ of error was granted by the Supreme Court to review the judgment so rendered.

[1, 2] We do not understand the Court of Civil Appeals to hold that there is no evidence of negligence on the part of the railway company in this case. Such holding would have been erroneous as a matter of law, because, while the evidence is conflicting, there is some evidence in the record to the effect that the top step, or the rubber mat thereon, was old and worn slick, and that plaintiff in error slipped on this step. From this evidence, if believed, the jury might have reasonably inferred that the condition of this mat or step was the cause of the fall suffered by her, and that in furnishing a step in that condition defendant in error did not exercise that high degree of care for her safety which it was required to exercise in furnishing her facilities to alight from its train. A majority of the Court of Civil Appeals, as we understand the opinion rendered in this case, merely held that the evidence was, in their opinion, insufficient to sustain the verdict. This holding involves a question of fact within the exclusive jurisdiction of the Court of Civil Appeals, and this court is bound by such holding. A majority of that court being of such opinion, it was not only within its power, but it was its duty, to set the judgment and verdict rendered thereon,

aside. Choate v. S. A. & A. P. Ry. Co., 91 Tex. 406, 410, 44 S. W. 69.

[3] While the Court of Civil Appeals had the power to reverse the judgment of the trial court, and could have remanded the case for another trial, it does not follow, there being a conflict in the evidence, that it could properly render judgment for defendant in error, as it did do. The law applicable to this feature of this case is clearly expressed by the Supreme Court in the case of Choate v. Railway Co., supra, and we quote from the opinion in that case as follows:

" 'Whether there be any evidence or not is a question for the judge; whether it is sufficient evidence is a question for the jury.' 1 Greenleaf, Ev. § 491. So that it is elementary that whether there be any evidence or not to support an issue is a question of law, and not of fact; and it follows that the decision of the Court of Civil Appeals upon such a question is subject to review by this court.

"Nor do we concur in the opinion that the Court of Civil Appeals have the right to conclusively determine the facts of any case. Our Bill of Rights contains the emphatic declaration that 'the right of trial by jury shall remain inviolate.' Const. art. 1, § 15. It is the province of the jury to determine questions of fact; but it is in the power of the trial judge to set aside the finding and to award a new trial. The Court of Civil Appeals has the same power upon appeal. But clearly the trial court cannot set aside the verdict of the jury and substitute its finding instead of the finding of a jury, and render judgment accordingly. To say that the Court of Civil Appeals may do so when there is any conflict in the evidence is to concede to that court a power over the facts greater than that possessed by the judge who heard the evidence, who had the witnesses before him, and had the opportunity of judging of their credibility by their appearance and manner of testifying."

We, therefore, hold that the Court of Civil Appeals erred in rendering judgment for defendant in error, instead of remanding the case to the district court for another trial.

[4] Defendant in error owed to plaintiff in error that high degree of care which a very prudent and cautious person would have exercised under the circumstances to enable her to alight from its train in safety. St. L., A. & T. Ry. Co. v. Finley, 79 Tex. 85, 88, 15 S. W. 266.

[5] It was the duty of defendant in error to exercise such care in furnishing steps on which plaintiff in error could safely descend from its train. There was, as before stated, evidence tending to show that the steps furnished were defective, and more or less unsafe, and if such was the case, then it was its duty to render such assistance to her in alighting from its train as would make the use of such steps as safe as if they had been the safest then known. Mo. Pac. Ry. Co. v. Wortham, 73 Tex. 25, 28, 10 S. W. 741, 3 L. R. A. 368; T. & P. Ry. Co. v. Miller, 79 Tex. 78, 84, 15 S. W. 264, 11 L. R. A. 395, 23 Am. St. Rep. 308.

[6, 7] The courts of this state have never construed the law to require carriers, when safe and proper facilities for alighting are furnished, to assist passengers, in ordinary cases, to alight from their trains. If, however, the circumstances of a particular case make it reasonably apparent that such assistance is needed, it becomes the duty of the carrier to furnish the same. It is for the jury to determine, under all the facts in evidence in each such case, whether assistance was needed, whether such need was reasonably apparent, and whether a failure to render the same constituted negligence. T. & P. Ry. Co. v. Miller, 79 Tex. 78, 83, 84, 15 S. W. 264, 11 L. R. A. 395, 23 Am. St. Rep. 308; I. & G. N. Ry. Co. v. Williams, 183 S. W. 1185–1187 (writ refused); M., K. & T. Ry. Co. v. Buchanan, 31 Tex. Civ. App. 209, 72 S. W. 96, 97 (writ refused); St. L. S. W. Ry. Co. v. Kennedy, 96 S. W. 653, 656 (writ refused).

If this issue is raised by the evidence on another trial, the suggestions here made and authorities cited furnish the rule by which it should be determined.

We recommend that the judgment rendered by the Court of Civil Appeals be reversed, and the case remanded to the district court for another trial.

PHILLIPS, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.