(after stating the facts as above). Appellant insists the burden was on appellee to prove, and she did not, it asserts, that it was necessary for her to have assistance in descending the stairway; that it knew it; and that its failure to render such assistance was the proximate cause of her falling as she did. Therefore, it insists further, the trial court erred when he refused its request that he instruct the jury to return a verdict in its favor.
We think the contention should be overruled, for, notwithstanding testimony showing appellee to have been a strong, healthy woman, well able to take care of herself under ordinary circumstances, we are not prepared to say there was no testimony on which to base a finding of actionable negligence on the part of appellant. We agree that in ordinary cases, when a carrier has "provided (quoting from appellant's brief) reasonably safe facilities for its passengers to go from its depot to its train," it does not "owe them the absolute duty to render them assistance" in using such facilities. But it is also the law that, "if, however, the circumstances of a particular case make it reasonably apparent that such assistance is needed, it becomes the duty of the carrier to furnish the same." Wisdom v. Ry. Co. (Tex.Com.App.) 231 S.W. 344.
The circumstances which we think the jury had a right to say distinguished this case from the ordinary one were; (1) That appellee, though a strong, healthy woman, was 64 years of age, weighed 175 or 180 pounds, and was incumbered with her almost helpless husband, and luggage consisting of a shoe box, a satchel, and a heavy bundle of clothing; and (2) the stairway it was necessary for her to descend to get to her train, though free of obstructions, and not defective structurally, was 5 or 6 feet wide, and consisted of 40 steps covering the distance of more than 40 feet from the top to the bottom thereof.
The jury reasonably might have thought that, having to hold her husband with one hand and the satchel and heavy bundle with the other, it was apparent that appellee could *Page 969 
not steady herself by holding to the railing as she undertook to descend the stairway, and hence that the porter who relieved her of the shoe box knew, or should have known, it would be dangerous for her to attempt to go down the stairway unassisted. If the jury had a right to take that view of the case, we see no reason why it was not permissible for them to conclude that the failure of appellant to render effectual assistance to appellee in her attempt to go down the stairway was a failure to exercise the high degree of care it owed her, not why it was not permissible for them to conclude that the failure to exercise such care was the proximate cause of the injury she suffered.
Appellant seems to think the testimony of appellee as to her ability to take care of herself, testimony showing, as appellant insists it did, that she did not request assistance in going down the stairway, and her testimony that she did not know what caused her to fall, was conclusive against a right in appellee to recover anything of it. But we think, when the testimony of appellee appellant refers to as to her ability to take care of herself is considered in connection with her statement to Mrs. Cole that she "couldn't get down without assistance," her declaration as she started down the stairway that "this looks awfully scary," and her reply to the question propounded to her, set out in the statement above, that she did need assistance in going down the steps, it is fairly subject to quite a different construction from that given to it by appellant. As to the failure of appellee (if she did fail) to request assistance in going down the stairway, it was merely a circumstance to be considered in connection with the other circumstances of the case in determining whether appellant was guilty of negligence as charged against it or not. Ry. Co. v. Miller, 79 Tex. 78, 15 S.W. 264, 11 L.R.A. 395, 23 Am.St.Rep. 308. The fact that appellee did not know, she testified, what caused her to fall is, of course, conclusive of nothing. The cause, and only cause, suggested by the testimony, the jury had a right to say, was the failure of appellant to discharge duty it owed her under the circumstances to assist her in going down the stairway.
Appellant cites Ry. Co. v. Wiuvar (Tex.Civ.App.) 257 S.W. 667; Flory v. Traction Co. (Tex.Civ.App.) 89 S.W. 278; Ry. Co. v. Work (Tex. App.)100 S.W. 962; Ry. Co. v. Buchanan, 31 Tex. Civ. App. 209, 72 S.W. 96; Ry. Co. v. Garner, 52 Tex. Civ. App. 387, 115 S.W. 273, and Wisdom v. Ry. Co., hereinbefore referred to, as cases supporting its contention. We have examined all of those cases, and think none of them support the contention, unless the Wiuvar Case should be treated as an exception. There the Court of Civil Appeals said:
"It may become the duty of the carrier to assist its sick, weak, old, or disabled passengers from the train, but not so for strong, healthy females or other persons well able to care for themselves."
We are not prepared to say that the statement just quoted from the opinion of the court in the Wiuvar Case is incorrect as applied to the facts of that case, but that it is not correct in all such cases is shown by the holding of the Commission of Appeals in the Wisdom Case, hereinbefore referred to, and by the holding in others of the cases cited by appellant.
It follows from what has been said, we think, the trial court did not err when he overruled appellant's objection to the part of the charge to the jury set out in the statement above, unless same was on the weight of the evidence. The contention that the instruction was objectionable on that ground is on the theory that it was assumed therein that appellee needed assistance in descending the stairway. As we construe it, the instruction contained no such assumption. Without violating same, the jury reasonably could not have found in appellee's favor as they did, unless they believed appellant's failure to assist appellee in descending the stairway was negligence, as defined in another part of the charge; and they reasonably could not have found appellant guilty of negligence in that respect unless they believed that under the circumstances of the case, as shown by the testimony, it owed appellee the duty to so assist her. McCallum v. Electric Co. (Tex.Civ.App.) 280 S.W. 342.
It is clear, we think, that the court did not err when he refused to give to the jury appellant's special charge No. 2 set out in the statement above. In the "physical" condition appellee was in she might not have needed assistance in going down the stairway if she had not been incumbered as she was, and yet the jury had a right to say that so incumbered she did need such assistance. While the word "condition" in appellant's requested special charge No. 3 was not limited as it was in the other refused special charge referred to above, we think it not unlikely the jury would have construed it as if so limited, and so been misled into believing they should not consider the character of the stairway and the way appellee was incumbered in determining whether she needed assistance in descending the stairway or not. Therefore, and because we think the jury had a right to say appellant ought to have known, if it did not, that appellee needed such assistance, we think the trial court did not err when he refused to give said special charge No. 3 to the jury.
Appellant insists that, if it was not error for the court to refuse to give said special charge No. 3, because of its form, it was error entitling it to a reversal of the judgment for the court when he refused the requested charge to fail to prepare and submit to the jury a proper charge supplying what it says *Page 970 
was an omission the refused charge was intended to supply in the instructions the court gave the jury. The argument is that the refused charge No. 3, if erroneous, was nevertheless sufficient to call the court's attention to the omission in his instructions to the jury of "an issue as to whether appellant knew (quoting from its brief), before appellee attempted to go down the steps, that it was necessary for her to have aid in order for her to descend with reasonable safety."
Whether, if appellee needed assistance in descending the stairway, appellant knew, or ought to have known it, was not an issue apart from the question as to negligence or not on its part, but was involved in the determination of that question. Hence it cannot be said the instruction the trial court gave the jury was erroneous, in that they were not therein told that appellant must have known or have been chargeable with knowledge that, appellee needed assistance in descending the stairway. Without disregarding the instructions given them, the jury reasonably could not have found appellant guilty of negligence, as they did, without first finding that it had, or, in the exercise of the care it owed appellee, should have had, such knowledge.
If, however, the instruction complained of was not affirmatively erroneous, as we have determined, but was negatively so in the respect urged by appellant, it has no right to complain of the refusal of its erroneous special charge intended to supply the supposed omission, nor of the failure of the court to prepare and give the jury a proper charge covering such omission, because it did not object to the instruction given the jury on the ground that it was so negatively erroneous. Ry. Co. v. Thompson (Tex.Civ.App.) 222 S.W. 289; Ry. Co. v. Conley, 113 Tex. 472,260 S.W. 561, 32 A.L.R. 1183. In that state of the case, as we understand it, the rule stated as follows in the first one of the two cases just cited is not inconsistent with anything said in the other one:
"If an issue made by the pleadings and evidence has not been submitted at all, a requested instruction, though defective, is sufficient to call the court's attention to the matter and require the submission of a correct charge on the issue. But if the issue has been submitted generally, the party wishing a more specific charge must submit a correct instruction in order to be entitled to complain on appeal."
As we view the record, there is no error in the judgment. Therefore it is affirmed.
 On Appellant's Motion for Rehearing.
It may be this court erred in holding that the trial court had a right to refuse appellant's requested special charge No. 3 on the ground that, if given, it might mislead the jury, as suggested in the opinion, but, if it did, a correction of the error would not require a change in the ruling made by this court with reference to said special charge, for the trial court had a right to refuse the charge on the other ground specified in said opinion, to wit, that the charge was incorrect, in that it forbade a finding by the jury in appellee's favor, unless they believed appellant knew it was necessary for appellee to have assistance in going down the stairway, whereas, other conditions concurring, the jury would have had a right to find for appellee if they believed from the testimony that appellant ought to have known, if it did not, of such necessity. Ry. Co. v. Williams (Tex.Civ.App.) 183 S.W. 1185.
Other rulings made in disposing of the appeal are believed to be correct.
The motion is overruled.