SAN ANTONIO TRACTION COMPANY v. JOE FLORY.

Decided February 6, 1907.

**1.—Alighting Passenger—Duty of Carrier.**

When a carrier permits the platform and steps of its cars to become muddy and slippery it is its duty to assist or warn passengers alighting from the cars, and the fact that a passenger may be young, strong and active and un—encumbered with luggage would not relieve the carrier of such duty.

**2.—Same—Opinion Testimony.**

Whether or not it was necessary for a street car conductor to assist women who were not infirm or encumbered with luggage in alighting from the street cars is not a proper subject of opinion or expert testimony; the jury could judge as well as the witness.

**3.—Personal Injuries—Evidence.**

In a suit for personal injuries the testimony of witnesses that after the injured party got out of bed she could not lift anything; that she was all crippled up; that she was always suffering pain; that after the accident she was not half the woman she was before, and that she could not walk very far without resting awhile, was not subject to the objection that said statements were conclusions of the witnesses.

Appeal from the Forty-fifth District Court, Bexar County.  Tried below before Hon. J. L. Camp.

*Ogden & Brooks, Walter P. Napier* and *W. H. Lipscomb,* for appellant.—It was error to submit to the jury an issue of fact as to the duty of the defendant to assist the plaintiff's wife in alighting from the car, as the undisputed evidence showed that she was a young, strong, robust and active woman.—Selby v. Detroit Ry., 81 N. W. Rep., 106; Jarmy v. Duluth St. Ry. Co., 56 N. W. Rep., 813; Palmer v. Railway Co., 18 N. E. Rep., 859; Memphis St. Ry. Co. v. Shaw, 75 S. W. Rep., 715; Nellis on St. Railway Accident Law, page 115; 1 Fetter on Carriers, sec. 60.

*James Routledge* and *J. R. Norton,* for appellee.

JAMES, Chief Justice.—A judgment in this cause was reversed by this court upon a former appeal. (San Antonio Traction Co. v. Flory, 89 S. W. Rep., 278.) The nature of the case is there indicated. At the recent trial a verdict was returned for the plaintiff for the sum of $3,500.

The first assignment of error questions the correctness of the following portion of the charge: "Or if you believe from the evidence that said car was stopped near the corner of Simon and South Flores Streets and that plaintiff's wife proceeded to alight therefrom and that the step or platform, or both, was muddy and slippery and that the agent of the defendant, the conductor in charge of said car, failed to assist plaintiff's wife to alight therefrom, and that the failure of said conductor to assist plaintiff's wife from said car was negligence and that such negligence, if any, was the proximate cause of the accident to plaintiff's wife, if any, and that she was injured thereby, then you must find your verdict for the plaintiff."

Several objections are made to this instruction: 1st. That it was error to submit an issue as to its being defendant's duty to assist plaintiff's wife, the undisputed evidence being that she was a young, strong, robust and active woman. The conclusion we reached in the former opinion is subjected to an earnest and vigorous criticism by counsel, to which we have endeavored to respond by giving it the careful reflection it deserves. It must be remembered that the duty of a carrier to a passenger is to exercise that high degree of care which would be exercised by very prudent persons. There can be no question that it owes that duty to passengers while in the act of alighting from its car. All the cases agree upon the principle that it is the duty of the carrier to use that high degree of care to keep its platforms and steps in a safe condition for passengers to alight. And we think it is safe to say that when the carrier sees fit to maintain a place of exit that is dangerous, other duties then become entailed upon it, such as warning or assisting the passenger, in the exercise of proper care due to that situation. What omissions in such a situation would amount to negligence, are questions of fact for the jury, and under our system, where all matters of fact are required to be submitted to the jury, such a question is never for the court, unless the facts and circumstances are plainly such that admit of no issue on the subject.

We will take the case of a young and robust person, unincumbered with luggage, who is about to alight from a car. If the exit is a

safe one, there is nothing either in respect to the exit, or to the person alighting to present or suggest the appearance of danger to the mind of the conductor. In such a case there would be no such issue to submit as the necessity of warning or assisting such person, because clearly no duty in that regard could be said to have arisen. In the present case, however, mud had been allowed to accumulate and remain upon the step and made it slippery, which condition everyone knows, was unsafe, in being inclined to cause persons stepping upon it to fall. Defendant saw fit to continue to use the step in that condition. Defendant's agent must have known of this condition of the step (his own testimony indicates that he did), and of the likelihood of injury therefrom to a person alighting. The rule, upon principle, is the same whether the appearance of danger arises from the condition of the passenger, or from the condition of the means of egress.

The rule has frequently been applied in cases where the car was stopped so that the descending passenger would step into a dangerous place, where such danger was known, or should have been known, to the carrier. To use the language of a Kentucky case: "If the street at the place of discharging the passenger presents a dangerous condition to one alighting there and such danger is obvious to the passenger the carrier is not liable to him for injuries received from such defects. But where the danger is known, or is such as must have been known to the carrier and is unknown to the passenger, the carrier is bound to warn the passenger of the danger, or to assist him in safely alighting, or stop the car at a point beyond or short of the dangerous point. Its failure to take one of these precautions renders it liable to the passenger sustaining injury because of such neglect." Sweet v. Louisville Ry. Co., 67 S. W. Rep., 4. It is obvious that whether the dangerous agency is upon the ground or upon the car step, is immaterial. The error which, it seems to us, counsel have fallen into, is the idea that such a duty can arise only in the case of a crippled or infirm passenger or one encumbered with a load, and that if the passenger is physically sound and unincumbered, there can be no situation in which a duty devolves on the carrier to take precautions for his or her safety in alighting. We think these observations and those expressed in the former opinion sufficiently state our reasons for overruling this contention. See Richmond City Ry. v. Scott, 11 S. E. Rep., 404; Ohio & M. Ry. v. Stansberry, 32 N. E. Rep., 219.

The second and third propositions under the first assignment are, in substance, that the charge complained of was also erroneous in that it failed to require the jury to find that the condition of the platform or step rendered it dangerous, and that its dangerous condition was known to defendant's servants, or in the exercise of ordinary care should have been known to them. The negligence which the charge submitted was in failing to assist plaintiff's wife in alighting. Negligence or not in that respect was left to the jury, to determine from all of the facts and circumstances. There was no affirmative error in the charge. The jury were left entirely free to consider whether or not the condition of the steps was dangerous and known by the conductor to be so, in determining whether or not his failure to assist the lady was negligence. A more explicit instruction if desired should have been requested. If

the step though muddy and slippery was not dangerous and the jury so believed they were free to find that there was no negligence in not extending assistance to plaintiff's wife. So also if the circumstances were such that the jury believed the conductor was not aware of its condition. The charge did not assume that the condition of the step was dangerous nor that the conductor knew that it was dangerous.

The above view disposes also of the second and third assignments.

Under the fourth assignment it is contended that a witness who had been a street car conductor for several years was competent to express an opinion as to the necessity of assisting women from the cars, who were not old or infirm or who were not encumbered with bundles, baggage or babies. It appears that Hickey, the witness, had worked as conductor for two and half years and had seen women get on and off cars. Defendant's counsel asked him what necessity was there for helping a lady that was not old or infirm, or who did not have a bundle or baby or something of that kind carrying. He was not permitted to answer. Defendant states that it expected to show by him that he had repeatedly seen women get on and off cars without assistance, and that in his opinion there was no necessity in assisting one who was not old or infirm or did not have bundles, babies or something of the kind carrying. The witness did in fact testify that he had often seen ladies get off a car without assistance, that he had seen them get off on rainy days and all kinds of days. The only complaint that is made is that the court did not permit the witness to state his opinion as to the necessity in assisting women who were not infirm or one who was not carrying bundles, etc. This was not a proper subject of opinion or expert testimony. The jury were there for the purpose of determining the very question, and it was a question which in the nature of things the jury was as qualified to form an opinion about as the witness.

The fifth assignment is that the court erred in not allowing the same witness to state whether or not it would be possible when running an open car with seven or eight seats in it to help all the ladies off when they were all attempting to alight at once, and that it would be impossible for the conductor to assist more than one lady off at a time, and that it would be impossible for him to render assistance in helping all of them off at once. The court was right in not permitting this inquiry. This was not that kind of a car, and what effect such a state of facts might have on the question of defendant's negligence would not have been a pertinent inquiry in this case.

Under the sixth, seventh, eighth and ninth assignments, the following testimony of Mrs. Guensweiler, viz.: "That after Mrs. Flory got up out of bed she could not lift anything, that she was all crippled up around there that way. I saw her, she was always suffering pain. After the accident she was not half the woman she was before;" and the following testimony of Julia Flory that her mother, Mrs. Flory, can not walk very far unless she rests awhile, was objected to for the reason that these statements were clearly conclusions of the witnesses. The first of the statements by Mrs. Guensweiler was not objected to. However, none of the statements was objectionable. Gulf, C. & S. F. Ry. v. Reagan, 34 S. W. Rep., 796; St. Louis S. F. Ry. v. Burke, 36 Texas Civ. App., 224; St. Louis & S. F. Ry. v. Smith, 90 S. W. Rep.,

929; McCabe v. San Antonio Traction Co., 88 S. W. Rep., 387; Abee v. Bargas, 65 S. W. Rep., 489.

The tenth, eleventh and twelfth assignments go to the overruling of the motion for new trial because, 1st, the overwhelming preponderance of the testimony shows that Mrs. Flory was guilty of contributory negligence in alighting from the car, and was not injured through any negligence of defendant, the undisputed evidence showing she was a strong healthy woman with no bundles or other things in her hands and nothing shown to give the conductor any notice that she needed assistance in alighting; 2d, because the undisputed evidence shows that there was nothing to indicate that such an accident would probably occur and nothing to indicate there was any necessity for assisting the woman; and 3d, because the great preponderance of the evidence shows that at the time, the conductor was performing other necessary duties and he was not in a position to assist her. The assignments are overruled.

Our conclusions of fact, considering the verdict found, are: That plaintiff's wife was not guilty of contributory negligence, that defendant was guilty of negligence either in prematurely starting the car, or in its agent failing to take the precaution of assisting her in alighting, or both. And that such negligence was the cause of her falling. Judgment affirmed.

*Affirmed.*

Writ of error refused.