## INTERSTATE COMPRESS CO. v. ARTHUR.

No. 5974.   Opinion Filed February 8, 1916.

Rehearing Denied March 14, 1916.

(155 Pac. 861.)

1. **MASTER AND SERVANT—Duty of Master—Safe Place and Appliances.** The master is bound to exercise reasonable care and diligence to provide a reasonably safe place in which the employee or servant is to work, and also reasonably safe machinery, tools, and appliances with which to work, and reasonably safe materials upon which to perform the work required of him.

2. **SAME—Injury to Servant—Negligence—Question for Jury.** What is or is not negligence is ordinarily a question for the jury and not the court. Where the standard of duty is not fixed, but variable, and shifts with the circumstances of the case, it is incapable of being determined as a matter of law and, where there is sufficient evidence, must be submitted to the jury to determine what it is and whether it has been complied with.

3. **SAME.** On the other hand, when the standard is fixed and when the measure of duty is defined by law and is the same under all circumstances, its omission is negligence, and may be so declared by the court. It is only in cases where the facts are such that all reasonable men must draw the same conclusions that the question of negligence becomes one of law for the court, and then only when no recovery can be had upon any view which properly can be taken of the facts which the evidence tends to establish.

(Syllabus by the Court.)

*Error from District Court, Beckham County;*

*G. A. Brown, Judge.*

Action by J. A. Arthur against the Interstate Compress Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*James S. Ross,* for plaintiff in error.

*Echols & Merrell,* for defendant in error.

HARDY, J.   The defendant in error instituted this action in the district court of Beckham county against plaintiff in error, for damages growing out of an injury alleged to have occurred on the 29th day of December, 1911. For convenience the parties will be referred to as they appear in the trial court. The plaintiff alleged that on said date and for many days prior thereto the weather was extremely cold, and that defendant required cotton to be compressed when it was wet and frozen, and the bagging wrapped around said cotton was so covered with ice and snow that it was difficult to handle, and the compressing of same in such condition caused ice and snow to accumulate in considerable quantities immediately around and near the press, and that defendant permitted an exhaust or drain pipe, which ran down through the floor at the end of the compress where plaintiff had to stand in the performance of his work, to become frozen or clogged, so that the same leaked, and water fell freezing upon the floor at the immediate place where plaintiff had to stand, causing ice to form, which, together with the ice and snow falling from the cotton bales being compressed, was the direct and proximate cause of plaintiff's injury. Trial resulted in verdict for plaintiff, to reverse which defendant brings error.

The grounds of reversal urged in the brief are: The court erred in overruling the demurrer to the evidence;

in refusing to give a peremptory instruction for defendant; the verdict is contrary to law, and is not supported by sufficient evidence.

Plaintiff was employed as head sewer, and it was his duty to stand at one end of the compress and sew together the bagging around the bales as they were compressed, and in order to do this it was necessary for him to stand on the floor or platform at the end of the compress. He was also required to straighten any of the bales that might not be in the proper position on the press, and to do this it was necessary for him to step down on the platen or a portion of the compress itself, which was beneath the level of the floor and which moved up and down as the compress was operated, and quickly straighten the bale, and step back. For several days before the date of the accident the weather had been extremely cold, and the compress had not been in operation. The compress itself was inclosed by a structure covered over with sheet iron and with openings in the sides. A pipe came down from the top platen of the press and went into the floor near where plaintiff was required to work, the purpose of which pipe was to carry water from the roll or top of the platen. It appears that this pipe had frozen, and that water therefrom leaked upon the floor at the place where plaintiff was required to work. On the day in question they were compressing about 120 bales per hour, and the cotton was brought in from the platform, and as it was compressed the ice and snow therefrom accumulated on the floor where plaintiff was required to stand, and, in connection with the water leaking from the pipe, froze and became slick, and when plaintiff had

straightened a bale that was not in proper position in the compress and stepped back, he slipped upon the ice so accumulated and fell, and his right hand was caught in the compress and injured.

The defendant urges that there was no evidence of negligence upon its part in the first instance, and that plaintiff's own negligence was the proximate cause of his injury.

To constitute actionable negligence upon the part of defendant, where the wrong is not willful and intentional, there are three elements which are necessary: (1) There must be some duty owing by it to the plaintiff; and (2) a failure upon its part to perform that duty; and (3) injury proximately resulting to the plaintiff from such failure upon its part. *C., R. I. & P. Ry. Co. v. Duran,* 38 Okla. 719, 134 Pac. 876.

The master is bound to exercise reasonable care and diligence to provide a reasonably safe place in which the employee or servant is to work, and also reasonably safe machinery, tools, and appliances with which to work, and to supply the servant with reasonably safe materials upon which to perform the work required of him. *Chickasaw Comp. Co. v. Bow,* 47 Okla. 576, 149 Pac. 1166; *Midland Valley Ry. Co. v. Williams,* 42 Okla. 444, 141 Pac. 1102; *C., R. I. & P. Ry. Co. v. Brazzell,* 40 Okla. 460, 138 Pac. 794; *Great Western Coal and Coke Co. v. Malone,* 39 Okla. 693, 136 Pac. 403; *C., R. I. & P. Ry. Co. v. Wright,* 39 Okla. 84, 134 Pac. 427; *C., R. I. & P. Ry. Co. v. Duran,* 38 Okla. 719, 134 Pac. 876.

The allegations of negligence are that plaintiff was required to assist in compressing cotton covered with snow and ice, and that the pipe mentioned was permitted to

become frozen and water to leak upon the place where plaintiff was required to stand. Whether this constituted ordinary care upon the part of the defendant was a question of fact for the jury.

In *Dewey Portland Cement Co. v. Blunt,* 38 Okla. 182, 132 Pac. 659, it was said:

"Where the question whether or not the master has been negligent, depends upon the nice distinction between that which is reasonably safe and that which is not so, it is a question entirely of degree, and one exclusively for the decision of the jury; and, where a jury, with all the evidence before them, have found a verdict, this court on review will not interfere to disturb their finding, by setting aside the verdict on the ground that there was no evidence of neglect."

In *M., K. & T. Ry. Co. v. Shepherd,* 20 Okla. 626, 95 Pac. 243, this court quoted with approval from the case of *Gulf, C. & S. F. Ry. Co. v. Ellis,* 54 Fed. 481, 4 C. C. A. 454, this language:

"In cases like the one at bar, which turn on the question whether the party exercised ordinary care or was guilty of negligence, after the usual and appropriate definitions of those [particular] terms by the court, it is the province of the jury to say from a consideration of the evidence whether in the particular case ordinary care was exercised, or whether there was negligence. In other words, what is ordinary care, or what is negligence, in the particular case is a question of fact for the jury, and not of law for the court."

In *Grand Trunk Ry. Co. v. Ives,* 144 U. S. 408, 12 Sup. Ct. 679, 36 L. Ed. 489, the Supreme Court of the United States said:

"There is no fixed standard in the law by which a court is enabled to arbitrarily say in every case what con-

duct shall be considered reasonable and prudent, and what shall constitute ordinary care, under any and all circumstances. The terms, 'ordinary care,' 'reasonable prudence,' and such like terms, as applied to the conduct and affairs of men, have a relative significance, and cannot be arbitrarily defined. What may be termed 'ordinary care' in one case may, under different surroundings and circumstances, be gross negligence. The policy of the law has relegated the determination of such questions to the jury, under proper instructions from the court. It is their province to note the special circumstances and surroundings of each particular case, and then say whether the conduct of the parties in that case was such as would be expected of reasonable, prudent men, under a similar state of affairs."

What is and what is not negligence is generally a question for the jury, and not for the court. Where the standard of duty is not fixed, but variable, and shifts with the circumstances of the case, it is incapable of being determined as a matter of law and, where there is sufficient evidence, must be submitted to the jury to determine what it is and whether it has been complied with. On the other hand, when the standard is fixed and when the measure of duty is defined by law, and is the same under all circumstances, its omission is negligence, and may be so declared by the court. It is only in cases where the facts are such that all reasonable men must draw the same conclusion from them that the question of negligence becomes one of law for the court, and then only when no recovery can be had upon any view which can properly be taken of the facts the evidence tends to establish. *Littlejohn v. Midland Valley Ry. Co.,* 47 Okla. 204. 148 Pac. 120. On the contrary, if the evidence is such that reasonable men may draw different conclusions respecting the question of negligence, then such question is

one of fact, and should be submitted to the jury. *Little-john v. Midland Valley Ry. Co., supra,* and authorities cited; *Sans Bois Coal Co. v. Janeway,* 22 Okla. 425 [99 Pac. 153]; *St. L. & S. F. R. Co. v. Copeland,* 23 Okla. 837, 102 Pac. 104.

"All the authorities agree that this duty is a continuing one on the part of the master, who is required to see to it from time to time as the work progresses, and not permit the servant to work himself into a dangerous place, owing to limited space or accumulated entanglement on the floor, calculated to trip him, and cause him to fall when heavily burdened." *(C., R. I. & P. Ry. Co. v. Townes,* 43 Okla. 568, 143 Pac. 680.)

The business in which defendant was engaged and about which plaintiff was employed was the compressing of cotton bales, which under ordinary circumstances is more or less hazardous, and it certainly would not be denied that it was more so when the cotton to be compressed was frozen and covered with snow and ice, and to say the least of it, this was not the usual and ordinary conditions under which such work was carried on. To say whether or not the master would be guilty of negligence and want of ordinary care in requiring the cotton to be compressed under the circumstances disclosed, or was in the exercise of ordinary caution upon its part, taking into consideration the fact that the plaintiff had had no experience with or knowledge of the dangers of compressing cotton under like conditions, can hardly be said to be a question of law for the court. In addition to requiring the work to be done under the circumstances with only such arrangements upon the part of the defendant as had been made for the prosecution of such work under ordinary conditions, the pipe running down into the floor at the place where plain-

tiff was required to stand had become frozen and clogged, and water permitted to leak upon the floor and freeze during the progress of the work, and it cannot be said that the leakage of the pipe was an incident necessary to carrying on of the business. The weather had been extremely cold for four or five days, and defendant's superintendent was in and about the building and around the compress during the progress of the work, and the jury were justified in finding that defendant had knowledge of these conditions. Under all the circumstances disclosed by the evidence, the court was right in submitting this issue to the jury.

A large part of defendant's brief is devoted to argument upon the proposition that plaintiff knew of the conditions, and with full knowledge thereof continued in the discharge of his duties. This argument goes to the question of assumption of risk or contributory negligence, and these questions, under the Constitution, are exclusively for the determination of the jury. *C., R. I. & P. Ry. Co. v. Duran,* 38 Okla. 719, 134 Pac. 876; *St. L. & S. F. R. Co. v. Long,* 41 Okla. 177, 137 Pac. 1156, Ann. Cas. 1915C, 432.

No complaint is made of the instructions, nor has any question arisen upon the admissibility of the evidence, nor is the verdict criticized as being excessive; the only question urged being whether there was sufficient evidence of primary negligence to justify submitting the case to the jury. Defendant cites a number of authorities in support of its position, particularly the case of *Omaha Packing Co. v. Sanduski,* 155 Fed. 897, 84 C. C. A. 89, 19 L. R. A. (N. S.) 355, where plaintiff was injured by slipping on an outside platform covered with ice, while

going from work one night; and the court there held that the injury resulted from a risk assumed by plaintiff. Other authorities relied upon either state the rule as to the master's duty to his servant, or apply the doctrine of assumed risk. There is no controversy as to the law of this case; it being merely a question of whether there was sufficient evidence to sustain the verdict.

The judgment appealed from is affirmed.

All the Justices concur.