FRANK SCHOTT, RESPONDENT, v. BENJAMIN WEISS, APPELLANT.

Submitted July 8, 1918—Decided November 18, 1918.

A jitney bus owner, who undertakes to carry for hire all persons who apply for passage, is a common carrier of passengers; as such, he owes them a high degree of care for their safety.

On appeal from the Supreme Court.

For the appellant, *Pomerehne & Laible.*

For the respondent, *Church, Harrison & Roche.*

The opinion of the court was delivered by

BLACK, J. This was a suit to recover damages for personal injuries. The trial resulted in a verdict for the plaintiff. The essential facts in brief are: The plaintiff, Frank Schott, was a passenger on an automobile known as a jitney. The route of the jitney was from Newark to Elizabeth. The jitney bus in question was a large one capable of seating twenty-seven persons. The accident happened at night, on the evening of July 30th, 1917. The plaintiff, Frank Schott, had signaled the driver to stop at the next corner, Coe avenue; he was in the act of rising from his seat preparatory to leaving the jitney bus. The front wheel of the jitney bus struck a large stone in the road; he was thrown violently against the right-hand curb. By reason of the impact, the plaintiff was thrown out through the door of the jitney bus between the vehicle and a telegraph pole. The result of the accident was the plaintiff sustained a broken rib and a punctured lung. The trial court refused to nonsuit the plaintiff, on the motion of the defendant. This is the only substantial basis of appeal. There are, however, ten grounds of appeal stated, but they are argued under one head in the appellant's brief, viz., that

there was no evidence on which the defendant could be charged with negligence. This needs no discussion. The trial judge rightly held that the case as presented by the plaintiff raised a jury question. This is quite evident from a recital of the facts above. It was not error to refuse a nonsuit by the trial judge. One other point may be noticed briefly. It is urged that a jitney bus operator is not a common carrier of passengers. This is not so in point of law. *Desser* v. *City of Wichita,* 96 *Kan.* 821; *Nolen* v. *Riechman,* 225 *Fed. Rep.* 812, 819; 2 *Moore Car.* 944; 1 *Fetter Car. Pass.,* ¶ 202; 10 *C. J.* 608, ¶ 1034; 4 *R. C. L.* 1000, ¶ 468; *Huddy Auto.* (*4th ed.*), ¶ 372. Common carriers of passengers are those who undertake to carry all persons indifferently, who apply for passage. To constitute one a common carrier of passengers, it is necessary that he hold himself out to the public as such. As a common carrier, the defendant owed the plaintiff, who was a passenger for hire in the jitney bus, a high degree of care for his safety. *Trussell* v. *Morris County Traction Co.,* 79 *N. J. L.* 533, 535; *Whalen* v. *Consolidated Traction Co.,* 61 *Id.* 606, 611. Whether that degree of care was exercised for the plaintiff's safety, under the circumstances of the case, was a jury question. We find no error in the record. The judgment of the Supreme Court is affirmed, with costs.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 14.

*For reversal*—None.