### Ex parte PENNEQUINE.

No. 19198. Opinion Filed Sept. 10, 1929.

A. L. Beckett, for petitioner.

RILEY, J. Petitioner represents that he is restrained of his liberty by unlawful imprisonment at Pawhuska, Okla., by Harve Freas, sheriff of Osage county, and that such restraint is based upon a bench warrant issued out of the district court of said county; that he was convicted of the crime of manslaughter and on the 2nd day of December, 1924, judgment and sentence was made and entered against him, whereby he was ordered to be confined in the penitentiary of the state of Oklahoma for a period of five years: that petitioner appealed said cause to the Criminal Court of Appeals, (Pennequine v. State [Okla. Cr.] 253 Pac. 303), which court affirmed the judgment and sentence and issued its mandate, which was duly transmitted and filed, whereupon petitioner surrendered himself into custody of the district court of Osage county and was by said court resentenced. That thereafter

the Governor of the state of Oklahoma issued his order staying execution of said sentence for a period of 60 days; and thereafter and on January 28, 1928, the Governor further extended said order staying the execution of said sentence and judgment until April 27, 1928. Wherefore, petitioner prays that this said restraint is without legal authority and in violation of said executive order. It is alleged that said bench warrant was issued for the purpose of enforcing the said judgment and sentence contrary to law.

We cannot know the contents of the executive order, for the same is not set out. Nor can we assume to know the force of the bench warrant without a particular examination. Speculation as to the possibility of the executive order merely staying transmission of the petitioner to the penitentiary under judgment and sentence is not necessary in view of the fact that by the terms pleaded, the last executive order has expired, thus leaving in force warrant and authority for detention of the petitioner. The writ is denied.

MASON, C. J., LESTER, V. C. J., and CLARK, HEFNER, CULLISON, and ANDREWS, JJ., concur.