FRANCES HEINIGE, AN INFANT, BY HER NEXT FRIEND AND NATURAL GUARDIAN, ALEXANDER HEINIGE, AND ALEXANDER HEINIGE, INDIVIDUALLY, PLAINTIFFS-RESPONDENTS, v. LITTLE FERRY BUS LINE, A NEW JERSEY CORPORATION, DEFENDANT-APPELLANT.

Submitted October 14, 1933—Decided February 15, 1934.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and HEHER.

For the appellant, *Aaron A. Melniker*.

For the respondents, *Charles Schmidt* (*George F. Losche*, of counsel).

PER CURIAM.

This is defendant's appeal from a judgment of the Bergen County Court of Common Pleas in favor of the infant plaintiff Frances Heinige for damages for personal injuries, and also in favor of her father, Alexander Heinige, for resulting damages to him.

The infant plaintiff testified that she was fifteen years of age at the time of the trial which was on February 7th, 1933, and the accident happened on April 1st, 1932. The testimony tended to show that, accompanied by a relative, she boarded the defendant's bus and paid her fare; that when the bus reached its regular stopping place at a point where they desired to alight, the infant plaintiff and her relative alighted; that when the infant plaintiff alighted, she placed her foot on the lower step and as she was going to take it off something caught the toe of her shoe and she was thrown on the sidewalk and injured; that the step was worn and had an iron band around it; that there were screws loose which allowed the step to sag below the iron band; that when the step sagged and the iron band bulged up this iron band would make a person trip, as it did the infant plaintiff; that the defendant had notice of this condition and had neglected to repair.

The only questions argued relate to the charge of the court said to be raised by two exceptions.

The first exception was this: "We except to that part of the charge in which the court said that the defendant could have known or should have known of the defect in the step."

The only part of the charge, if any, brought up by this exception, and made a ground of appeal, is this: That the plaintiff "must further prove that the injuries of the plaintiff were caused by the visibly defective condition of the lower step on the bus, and which, in the exercise of a high degree

of care, could or should have been discovered by the defendant company."

We see nothing prejudicial to the defendant in that instruction. Of course it was essential to plaintiff's recovery that there be proved what the judge told the jury must be proved, and, of course, it was proper to charge that the defendant was obliged to exercise a high degree of care. The defendant was a carrier for hire of the infant plaintiff and in that situation was bound to exercise a high degree of care. *Schott* v. *Weiss,* 92 *N. J. L.* 494; 105 *Atl. Rep.* 192.

The second exception was as follows: "And also to that part of the court's charge in which the court told the jury that they could consider the age and experience of the plaintiff in arriving at the question of whether or not she was guilty of contributory negligence."

The only part of the charge brought up by this exception, and made a ground of appeal, reads as follows:

"And in considering the question as to whether the infant plaintiff was negligent, you must consider her age and her experience, because the law of this state is that an infant under the the age of twenty-one years is not to be held responsible to the same degree of responsibility as an adult, but the care which she must use is that degree of care that would have been exercised by a child of similar age and experience in such case."

There was no error there prejudicial to the defendant. It contains nothing harmful or prejudicial, for such in effect is the law as applicable to the facts of this case. Thus in *Nichols* v. *Grunstein,* 105 *N. J. L.* 363; 144 *Atl. Rep.* 593, the Court of Errors and Appeals held:

"The degree of care required of a child old enough to be capable of negligence, is such as is usually exercised by persons of similar age, judgment and experience. In order to determine whether such a child has been guilty of contributory negligence, it is necessary to take into consideration the age of the child, and its experience and capacity to understand and avoid danger to which it is exposed in the actual circumstances and situation under investigation; and it is

usually a question for a jury to determine whether the child has been guilty of contributory negligence. *David* v. *West Jersey and Seashore Railroad Co.*, 84 *N. J. L.* 685; 87 *Atl. Rep.* 440."

The judgment will be affirmed, with costs.