## MARTIN v. McLAIN.

No. 28130.    March 7, 1939.

R. Place Montgomery and Geo. L. Zink, for plaintiff in error.

Clayton Carder, for defendant in error.

DAVISON, J.  This is an appeal from a judgment rendered upon a verdict assessing damages against the defendant for injuries which the plaintiff is alleged to have received in an automobile accident on a highway west of Hobart, Okla.

The injuries were the result of the collision of the defendant's automobile with one belonging to the plaintiff and her husband. When the latter vehicle was struck from the rear by the front of the defendant's car, it was standing on the road facing east, while the plaintiff stood in front of it and attempted to reflect the light from the car's head lamps back upon the motor where her husband was working. The force or impact with which the defendant's car struck the plaintiff's car caused the latter to strike her.

The errors relied upon by the defendant for reversal are presented in the briefs in the form of the following propositions, to wit:

"(1) That there was no evidence fairly tending to show negligence on the part of the defendant; (2) that the plaintiff's own testimony shows that she was guilty of contributory negligence; and (3) that the trial court erred in giving instruction No. 7."

In the record there is evidence that the view of the scene of the accident by a driver approaching it in the direction from which the defendant approached is unobstructed for a distance of a quarter of a mile. The only evidence which might

in any way tend to lessen the force of such proof is the circumstance that the collision occurred after dark and some testimony to the effect that a car with bright lights passed the defendant's car from the east just prior to the collision. There is some dispute among the witnesses as to the latter circumstance, however. There is also a conflict in the evidence as to whether the tail light on the plaintiff's car was burning immediately preceding the collision. There is evidence that under such conditions, the defendant's car was approaching the plaintiff's car at a speed in excess of 40 miles per hour. With such evidence in the record we are unable to say that there was no evidence reasonably tending to prove negligence on the part of the defendant, and that therefore the verdict of the jury and judgment of the trial court are not supported by the evidence or that the trial court erred in overruling the defendant's motion for a directed verdict. It is unnecessary to consider any alleged error in the overruling of the defendant's demurrer to the plaintiff's evidence, for such error, if any, is immaterial if the evidence as a whole warranted the submission of the cause to the jury. See Stagner v. Files, 182 Okla. 475, 78 P.2d 418. Error in the submission of a cause to a jury on the question of negligence is determined by the following test: Is there competent evidence from which reasonable men might draw different conclusions? See Cherry v. Arnwine, 126 Okla. 285, 259 P. 232; Padgett v. McKissick, 138 Okla. 63, 280 P. 409; Gourley v. Jackson, 142 Okla. 74, 285 P. 84. The test which must govern any conclusion as to the existence or nonexistence of negligence on the part of the defendant is: Did he exercise the care of a reasonable and prudent man under the circumstances? Under circumstances (hereinbefore described) of which there is competent evidence in the present case, the question formulated is not for the court to answer, but must be decided by the jury. There is no legal formula by which the question can be answered. Of course, it would be impossible, if not unwise, to attempt to define by law the standard of duty by which to govern a person's actions in every conceivable situation. The formulation of the standard for most situations has wisely been left to the judgment of the jury impaneled to consider each situation as it arises. As is said by McKelvey in his work on Evidence (4th Ed. p. 60):

"The cases of negligence involve some nice questions as to the respective provinces of court and jury. The cases are not always clear in making the distinction between questions of law and questions of fact. The same element is present in these cases which appears in any case in which the jury must refer to its own standards, acquired from its own experience, as to what are reasonable or prudent actions of men. * * *

"In cases for negligence it appears in this shape: Did the defendant act as a reasonably prudent person would have acted under similar circumstances? Or, in the case of contributory negligence, did the plaintiff take such precaution to avoid injury as a reasonably prudent person would have taken? These questions are clearly questions of fact, such as the jury must answer, not only from the evidence submitted to it, but also from its own experience and observation as to the actions of men."

In the foregoing considerations lie the basis for the rule this court enunciated in Interstate Compress Co. v. J. A. Arthur, 53 Okla. 212, 155 P. 861, and has since frequently followed. See Ponca City Ice Co. v. Robertson, 67 Okla. 86, 169 P. 1111; Chicago, R. I. & P. R. Co. v. Zirkle, 76 Okla. 298, 185 P. 329; Prickett v. Sulzberger & Sons Co., 57 Okla. 567, 157 P. 356; Tulsa Yellow Cab Taxi & Baggage Co. v. Salomon, 181 Okla. 519, 75 P.2d 197. The rule is stated as follows:

"What is or is not negligence is ordinarily a question [of fact] for the jury, and where the standard of duty is not fixed but variable, and shifts with the circumstances of the case, it is incapable of being determined as a matter of law, and where there is sufficient evidence, must be submitted to the jury to determine what it is and whether it has been complied with."

A rule such as we have quoted, of course, does not disregard the fact that there are questions of law connected with the subject of inquiry in a case of negligence, nor does it relieve the court from determining the preliminary question of whether there is sufficient evidence to warrant the submission of the case to the jury. Therein lies the only basis in a case like this one for the broad and rather misleading assertion often found in the cases that the existence of primary negligence is a question of law for the court. In a situation in which there can be no difference of opinion as to what acts constitute due care or lack of it, or a situation where human opinion is made inoperative by a law setting forth

what conduct shall be considered negligence per se, and there is no question of fact as to the defendant's conduct, it is unquestionably within the province of the court to determine the existence of negligence. However, in a case like the present, where the only yardstick which the law furnishes for measuring the duty of the defendant is the care which a reasonable and prudent person would exercise under the circumstances, and there may be a difference of opinion as to what conduct would constitute such care, it is not only the function of the jury to determine the facts as to what the defendant actually did, but it is also their exclusive prerogative to determine whether or not that conduct constitutes negligence within the legal definition thereof that is set forth in the court's instructions. As was held in Prickett v. Sulzberger & Sons Co., supra (quoting the rule laid down in Interstate Compress Co. v. Arthur, supra):

"It is only in cases where the facts are such that all reasonable men must draw the same conclusions from them that the question of negligence [or want of negligence] becomes one of law for the court, and then only when no recovery can be had upon any view which can properly be taken of the facts which the evidence tends to establish."

In the cited case, it was also said:

"Negligence is so much a mixed question of law and fact * * * that courts are seldom justified in saying that all reasonable men will agree with them on the question of whether a given state of facts constitute the exercise of ordinary care."

Being bound by the foregoing rules and being unable to say with any degree of assurance that all reasonable men would agree that the defendant was exercising the care that a reasonable and prudent person would exercise under the circumstances in driving as we have hereinbefore pointed out that there was some evidence tending to prove that he did, we cannot say as do defendant's counsel that there was no evidence of negligence on his part. How can either of us judge the evidence and say whether it shows a breach of the defendant's duty toward the plaintiff when we have no way of ascertaining with any measure of certainty just what the defendant should have done or refrained from doing in order to have discharged that duty? This determination, in the present case, was left to the jury, just as it should have been, and the charge

that such submission was error is wholly unwarranted.

In addition to their argument with reference to what the evidence shows concerning the negligence of the defendant, counsel assert that the uncontradicted evidence shows that the plaintiff was guilty of what is termed contributory negligence, but no effort is made to show wherein the record bears out this statement. Assuming that for support of this assertion counsel has reference to the fact that the plaintiff's testimony shows that she was standing in front of her stalled car and that just before the crash she saw defendant's car coming up behind it, can we say with any certainty of concurrence by all reasonable men that such conduct constitutes contributory negligence under the circumstances? The plaintiff also testified that she did not see the approaching car in time to notify her husband. The question of whether or not the plaintiff was negligent, like the question of the existence of negligence on the part of the defendant, and the question of whether said negligence, if any, caused the collision, was a matter for the determination of the jury.

Instruction No. 7, of which the defendant complains in the third proposition submitted by his counsel (as hereinbefore noted), reads as follows:

"You are instructed that the law further provides that any person driving a vehicle on a highway shall drive the same at a careful and prudent speed, not greater nor less than is reasonable and proper having due regard to the traffic and width of the highway, and of any other conditions then existing; and no person shall drive any vehicle upon a highway at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead.

"And the law further provides that all vehicles overtaking others shall in passing keep to the left of the center of the road."

With reference to this instruction, counsel has only the following to say in their brief:

"While this instruction is couched in the language of the statutes mentioned, unaided by other instructions, it was bound to have left the impression with the jury that the very fact the defendant's car collided with the car of plaintiff's husband, which was parked at night on the highway, established negligence on the part of the defendant, and the plaintiff

should recover. It certainly would lead the jury to believe, under all conditions, that if a person driving on a highway, was unable to stop his car, or did not pass the vehicle ahead of him on the left of the center of the road, but collided with the vehicle ahead of him, such person was negligent. This instruction given by the trial court, in this case, simply told the jury that under the law, a driver must proceed at his peril against those things which are not to be expected, and use the highest degree of care, and that, notwithstanding an illegal and negligent use of the road by others."

We cannot ascribe to the giving of instruction 7 the prejudicial effect alleged above. It appears from counsel's statements that they point out no error in the instruction as an abstract proposition of law, but merely contend that its application to the present case, **"unaided** by other instructions," was bound to have misled the jury. While the giving of instructions which are not applicable to a case may constitute reversible error, if clearly shown to have misled the jury to the injury or prejudice of the rights of the complaining party, yet we cannot say that the instruction complained of in the present case is inapplicable or unwarranted under the evidence in the present case. Granting that the instruction might have had the effect attributed to it if it had been unaided by other instructions, there is no basis for the statement or assumption that it was thus unaided. The instruction complained of does not represent that the failure to comply with the rules of the road set forth therein is negligence, and on the contrary, the court's other instructions did correctly define negligence and place upon the plaintiff the burden of proving the same. For this reason the third paragraph of the syllabus of our opinion in Taylor v. Ray, 177 Okla. 18, 56 P.2d 376, cited by the defendant is inapplicable. It has been held that the giving of an instruction which positively misstates the law is not cause for reversal, if it appears that the misleading effect thereof has been nullified by other instructions given. Crowl v. Ross, 113 Okla. 291, 241 P. 1105; Dalton v. Bilbo, 126 Okla. 139, 258 P. 274. The same rule has been followed with reference to a vague instruction on the subject of negligence. See Muskogee Electric Traction Co. v. Rye, 47 Okla. 142, 148 P. 100. Examining the instruction in question in the light of the evidence and the foregoing principles, we are not convinced that it was prejudicial to the rights of the complaining party in the present

controversy, and therefore we must hold that its promulgation by the trial judge constitutes no cause for reversal.

The judgment of the trial court is affirmed.

BAYLESS, C. J., WELCH, V. C. J., and GIBSON, HURST, and DANNER., JJ., concur. RILEY, OSBORN, and CORN, JJ., absent.