**SAND SPRINGS RAILWAY COMPANY,**
Plaintiff in Error,

v.

**Hazel COLE, Defendant in Error.**

No. 36256.

Supreme Court of Oklahoma.

Jan. 18, 1955.

Rehearing Denied Feb. 15, 1955.

Doerner, Rinehart & Stuart, Tulsa, for plaintiff in error.

Berringer & Briggs, Tulsa, for defendant in error.

WILLIAMS, Vice Chief Justice.

This action was brought by Hazel Cole, hereinafter referred to as plaintiff, against Sand Springs Railway Company, a Corporation, hereinafter referred to as defendant, to recover damages for injuries suffered as the result of a fall while she was attempting to alight from one of defendant's trolley cars. Upon trial of the case to a jury, a verdict and judgment were rendered for plaintiff in the amount of $4,535. Defendant's motion for new trial was overruled and it appeals.

Defendant's first proposition alleges error of the court in overruling defendant's demurrer to the evidence and in not directing a verdict for the defendant. In support of such proposition defendant argues that the cause of plaintiff's alleged injuries was the sudden and impulsive act of a fellow passenger, which was not reasonably foreseeable to the operator of defendant's car, and for which act the defendant is not responsible.

The evidence reveals that plaintiff was riding as a passenger on one of defendant's trolley cars, which she had boarded in the city of Tulsa for the purpose of being transported to Home Garden Station, likewise in the city of Tulsa. The car in which plaintiff was riding was an old one and the metal strip on the edge of the front vestibule floor had become rounded and smooth by the wear to which it had been subjected. At the time of the accident complained of it had been raining and snowing and in addition to being worn smooth, the metal strip just referred to was wet from rain and snow. Some of defendant's cars have rubber matting or other non-skid material over the edge of the vestibule floor, but this particular car did not. When the car in which plaintiff was riding reached Home Garden Station, she deposited her fare in the fare-box and prepared to alight from the car. Plaintiff, at the time, was a rather fleshy woman, 51 years of age and weighing about 190 pounds. As plaintiff started to leave the car she was standing with her left foot on the metal strip on the edge of the vestibule floor, previously referred to, and was starting to step down with her right foot to the step below. Just as she started to step down, the passenger who preceded her to the door of the car said "Oh, I forgot my fare" and turned about, apparently for the purpose of returning to deposit her fare. In so doing she brushed against plaintiff, who was poised on one foot preparing to step down, and plaintiff's foot slipped off of the metal strip on the edge of the vestibule floor causing her to fall and injure her hip and leg.

Plaintiff relied upon four separate acts of negligence on the part of defendant to establish liability to-wit:

1. Permitting the metal strip at the edge of the vestibule floor to become dangerously slippery from wear and from rain, and failing to provide said step with a suitable non-slippery covering.

2. Failing to warn plaintiff of the dangerous condition of said metal strip.

3. Failing to assist plaintiff to alight from the trolley car in view of the condition of said strip.

4. Permitting the passenger ahead of plaintiff to pass the fare-box without depositing her fare, so that when said passenger turned back toward the fare-box, she brushed against the plaintiff and contributed to the cause of her fall.

There is some evidence in the record to support each of these contentions. We think this evidence was sufficient to take to the jury the question of whether the negligence of both defendant and the unidentified fellow passenger concurred in causing plaintiff's injury, and also the question of whether or not the worn and slick condition of the metal strip on which plaintiff slipped was the proximate cause of her injury. We have previously held that concurrent causes were causes acting contemporaneously, and which together caused the injury, which injury would not have resulted in the absence of either. City of Okmulgee v. Hemphill, 183 Okl. 450, 83 P.2d 189. And we are committed to the rule that in such case the question of whether or not

the defendant's negligence was the proximate cause of the injury is a question for the jury. National Valve & Mfg. Co. v. Wright, 205 Okl. 565, 240 P.2d 769. Oklahoma Natural Gas Co. v. Courtney, 182 Okl. 582, 79 P.2d 235. In these cases we announced the rule applicable here, that where the evidence was conflicting, or where men of ordinary intelligence might differ on the question of proximate cause, it was for the jury to determine.

Defendant next urges error of the trial court in refusing to give defendant's Requested Instruction No. 4, which is as follows:

"The jury are instructed that the defendant cannot be held guilty of negligence, and liable to the plaintiff as a matter of law, if the accident which the plaintiff alleges in her petition, and injuries which she alleges arose therefrom, were caused by the act of fellow passenger; and in this connection you are instructed that if you find and believe, from a preponderance of the evidence, that the plaintiff's agent stopped the car and opened the door in order to let the plaintiff alight, as shown by the evidence, but that subsequent independent action of a fellow passenger intervened to proximately cause an injury to the plaintiff, if any you so find, your verdict must be for the defendant."

In the first place, the requested instruction is erroneous in that it assumes that there is evidence from which it might be found that plaintiff's agent stopped the car and opened the door, whereas the evidence conclusively shows that defendant's agent stopped the car and opened the door. In the second place, the record reveals that the court gave the substance of the requested instruction in a more correct form in its instruction No. 11, which is as follows:

"You are instructed that the defendant cannot be held guilty of negligence and liable to the plaintiff, as a matter of law, if the accident which the plaintiff alleges in her petition and the injuries which she alleges arose therefrom, was solely and proximately caused by the act of a fellow passenger; and in this connection, you are instructed that if you find and believe from a preponderance of the evidence that the defendant's motorman stopped the car and opened the door in order to let plaintiff alight but that a subsequent, independent action of a fellow passenger intervened as the sole proximate cause of the accident and injury, if any, to the plaintiff, then and in such event, your verdict must be for the defendant unless you further find from a preponderance of the evidence that the motorman of defendant, at the time of the accident, should have foreseen or anticipated that such action on the part of a fellow passenger might take place and in this connection you are to consider all the facts and circumstances surrounding the accident and the conditions existing at the time thereof."

The only material difference between the requested instruction and the instruction given by the court is the addition in the instruction given by the court of the exception or proviso covering the situation in case the jury should find that the defendant employee should have foreseen or anticipated the intervening, independent action of the fellow passenger. It is this addition, of course, to which defendant takes exception. We are of the opinion, however, that the court's instruction correctly states the law. As we stated in the third paragraph of the syllabus in City of Altus v. Wise, 193 Okl. 288, 143 P.2d 128, 129:

"The causal connection between an act of negligence and an injury is not broken by the intervention of a new, independent, and efficient cause, where the wrongdoer could reasonably have anticipated that such intervening cause, or a similar one, would intervene in a way likely to cause an injury similar to that actually suffered."

To the same effect, see also Oklahoma Natural Gas Co. v. Courtney, 182 Okl. 582, 79 P.2d 235. In those cases we also said that it is not necessary that the precise form of the intervening cause should have been anticipated, it being enough if it could have been reasonably expected that a cause

would intervene in a way likely to produce an injury similar to that actually suffered.

Since the trial court's instruction correctly states the law and the requested instruction does not, we find no error in the refusal of such requested instruction.

■■■■ Defendant next complains of error of the court in giving instruction No. 8, which is as follows:

"You are instructed that if you believe from the evidence that the step or platform of defendant's car was rendered slippery from wear or from being wet, or both, and that the conductor in charge of said car failed to assist plaintiff to alight therefrom, or to warn her thereof, and that such failure of said conductor was negligence, under the conditions existing at the time of the accident, and that such negligence, if any, was the proximate cause of the accident to plaintiff, if any, and that she was injured thereby, then you must find your verdict for the plaintiff, unless you further find from a preponderance of the evidence that the plaintiff was guilty of contributory negligence, as hereinbefore defined."

In support of its contention that this instruction is erroneous defendant states that it owes no obligation to assist passengers to alight from its cars unless such passenger is by reason of illness, great age, or other infirmity unable to help himself, and cites the case of Dickinson v. Bryant, 69 Okl. 297, 172 P. 432, L.R.A. 1918E, 978 as authority therefor. This case is not in point, however, since it does not involve a dangerous or defective condition in the vehicle. The case of Tulsa Yellow Cab, Taxi & Baggage Co. v. Salomon, 181 Okl. 519, 75 P.2d 197, 199, however, is very much in point, and in the body of the opinion therein we said:

"Counsel for defendants cite no authorities in support of their contention that the evidence presented and the instruction given on the point constitutes error; contending that a duty to aid passengers in alighting from a conveyance arises when, and only when, the passenger is infirm, physically impaired, or ill. This rule is not without exceptions. In Interstate Compress Co. v. Arthur, 53 Okl. 212, 155 P. 861, in the syllabus we said: 'What is or is not negligence is ordinarily a question for the jury and not the court. Where the standard of duty is not fixed, but variable, and shifts with the circumstances of the case, it is incapable of being determined as a matter of law and, where there is sufficient evidence, must be submitted to the jury to determine what it is and whether it has been complied with.'

"In 2 Hutchinson on Carriers, 1329, the author says: 'Whether the circumstances are such in a given case as to suggest the necessity of assisting a passenger to alight is a question for the jury.'

"A statement to the same effect is found in Moore on Carriers, page 682: 'Ordinarily, whether or not assistance should be rendered by the carrier's employee to a passenger in a given instance is a question for the jury under the circumstances of the case.'

"In St. Louis & S. F. Ry. Co. v. Dobyns, 57 Okl. 643, 157 P. 735, 739, this court, discussing the question involved, said: 'Whether or not a duty of personal assistance arises in such cases is, as above stated, to be ordinarily determined as a matter of fact, providing there are sufficient facts to raise a question as to the duty of the carrier, or to sustain a verdict against the carrier if the jury should find one. * * * It will be seen that whether or not an exception to the general rule of no duty on the part of the carrier arose or not must be determined from "the circumstances of the case." The standard of duty is not fixed, but whether or not a duty existed is ordinarily in a case of this sort a question for the jury.'

"This doctrine is sustained in the decision of the courts of many states. In San Antonio Traction Co. v. Flory, 45 Tex.Civ.App. 233, 100 S.W. 200,

201, the Texas Civil Court of Appeals sustained the following instructions: 'Or if you believe from the evidence that said car was stopped near the corner of Simon and South Flores streets, and that plaintiff's wife proceeded to alight therefrom, and that the step or platform, or both, was muddy and slippery, and that the agent of the defendant, the conductor in charge of said car, failed to assist plaintiff's wife to alight therefrom, and that the failure of said conductor to assist plaintiff's wife from said car was negligence, and that such negligence, if any, was the proximate cause of the accident to plaintiff's wife, if any, and that she was injured thereby, then you must find your verdict for the plaintiff.'

"In International & G. N. Ry. Co. v. Williams, 183 S.W. 1185, 1187, the Texas Court of Civil Appeals held: 'The circumstances of each case determine the negligence or not of the carrier, but it is the rule that the carrier owes to every passenger the highest degree of care, without regard to age, sex, or bodily infirmity. What, however, would be the greatest degree of care under one state of facts might be negligence under others. Whether or not the care has been exercised is a matter to be determined by a jury.'

"In Mahaney v. [Kansas City, Clay County &] St. Joseph Auto Transit Co., 329 Mo. 793, 46 S.W.2d 817, 821, the Supreme Court of Missouri, in the body of the opinion, held: 'Whether or not it was the driver's duty, under the circumstances, to render such aid (in alighting) is a question of fact for the jury, under proper instructions, keeping in mind the degree of care required of a common carrier of passengers.'

"A case very much in point is Wisdom v. Chicago, Rock Island & G. Ry. Co. [Tex.Com.App.], 231 S.W. 344, wherein the Supreme Court of Texas held: 'Where the steps of a car are defective and more or less unsafe for use in alighting, as where the rubber mats thereon are worn off, or worn smooth in places, leaving the steps smooth and slick it is the duty of the carrier to render such assistance to a woman alighting as would make the use of such steps safe.'"

What we said there should be sufficient to dispose of defendant's contention here.

 Defendant further contends that the court erred in refusing its requested instruction No. 3, which was an instruction that if the jury found that plaintiff's fall was caused or brought about by a physical infirmity or incapacity on the part of plaintiff, then plaintiff could not recover. Defendant insists that it was entitled to such instruction solely because of the testimony of its motorman, who testified that after plaintiff had fallen he went to her and asked her if she were hurt and that she said "No. Think nothing of it" and "my ankle does that frequently", or something to that effect. Plaintiff denied making any such statement and testified that she had never had any trouble with her ankle and did not have any such trouble on the occasion in question. She further testified that her leg and back were injured by the fall and that her ankle had nothing to do with it. There is no other evidence in the record concerning any possible physical infirmity on the part of plaintiff, and we do not consider the testimony above quoted to be sufficient to require the giving of the requested instruction. Just what physical infirmity does the above quoted testimony reveal? None, that we are able to ascertain. We think that such testimony would not be sufficient to support a finding that plaintiff suffered from a physical infirmity and that such physical infirmity was the proximate cause of plaintiff's fall and injury, and such being the case, an instruction on such a theory was properly refused. Instructions not sustained by evidence should not be given, and requests therefor are properly refused. Empire Oil & Refining Co. v. Fields, 188 Okl. 666, 112 P.2d 395; Johnson v. Harris, 187 Okl. 239, 102 P.2d 940.

Defendant's last contention is that the verdict of the jury is excessive. Its argument in support of such contention is hardly worthy of consideration, however. Defendant argues that plaintiff fell a second time about three weeks after the accident in question and that her injuries might have been caused by this second fall and that defendant is therefore only liable for three weeks pain and suffering. Such contention does not find support in the record, however. The record reveals that after falling on defendant's trolley car, plaintiff suffered considerable pain from the injury to her leg and back which began to grow worse. About three weeks after the injury, although suffering considerable pain, plaintiff attempted to do some Christmas shopping in a certain store not far from her home. While in the store the pain in her back and leg became so severe that plaintiff could no longer stand, and she slumped to the floor. Her daughter-in-law, who was with her, assisted her from the store. There is no evidence that plaintiff struck anything or injured herself in any way in such store. On the contrary, the evidence indicates that the injury plaintiff had received in the fall on the trolley car became so painful that plaintiff could no longer stand and that she had to be assisted by her daughter-in-law. The evidence reveals that at the time of the trial almost fourteen months after the accident plaintiff's condition was such that she could still not even do her own housework, much less the income producing work for others which she had done prior to the accident, that she had suffered great pain throughout the period of time since the accident and had had to remain in bed a great deal of the time. In addition she had incurred certain medical expense, and it was shown that future medical expense would be reasonably necessary. Under such circumstances we do not find the verdict in the amount of $4,535 to be excessive.

Judgment affirmed.

JOHNSON, C. J., and DAVISON, ARNOLD and BLACKBIRD, JJ., concur.

WELCH, CORN and HALLEY, JJ., dissent.

WELCH, Justice (dissenting).

In my view the trial court was in error in giving that part of quoted instruction No. 11 referring to the proposition that defendant's motorman should have foreseen or anticipated that there might be such thoughtless action of a fellow passenger as would cause plaintiff's accident and injury. I think this court is in error in approving such instruction. I also think it was error to fail to instruct on defendant's theory of defense as presented in its requested instruction No. 3 referred to in the majority opinion. It is my view that the majority, in approving instruction No. 11, and in approving the ruling on requested instruction No. 3, has overlooked the significance of these errors, and the importance of correcting them for future precedent.

Therefore I cannot concur in the majority opinion and I respectfully dissent.